COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


LARRY BARNES
                                    MEMORANDUM OPINION[*]
v.    Record No. 0916-03-1                PER CURIAM
                                     AUGUST 19, 2003
NORFOLK DIVISION OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Joseph A. Leafe, Judge

            (Rodney D. Malouf; Thomas & Associates, P.C.,
            on brief), for appellant.

            (Bernard A. Pishko, City Attorney; Martha G.
            Rollins, Deputy City Attorney, on brief), for
            appellee.

            (Ayodele M. Ama; Ama & Simpson, on brief),
            Guardian ad Litem for the infant children.


     Larry Barnes (father) appeals the March 10, 2003 decision of

the trial court terminating his parental rights to his daughters

Lakira and Larissa.  On appeal, father contends the evidence was

insufficient to support the termination.  Specifically, he

argues the evidence failed to establish "that the Norfolk

Division of Social Services complied with the requirements of

[Code] Sections 16.1-283(B), (C), (D) and (E)."  We disagree and

summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Background</u>

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See <u>Logan v. Fairfax County Dep't of Human Dev.</u>, 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

So viewed, the evidence established that Lakira and Larissa, aged eight and ten respectively at the time of the circuit court hearing, were removed from their mother's care on September 8, 1995, due to their mother's abusive disciplinary methods and her inability to provide adequate shelter for her children. The girls returned to mother's care on August 27, 1999, but were removed again on October 2, 2000. They remain in foster care.

The record reveals father has had extremely limited contact with his daughters and little involvement in their lives. Father never proposed any plan for them during their extensive time in foster care. He was incarcerated in 1999 and acknowledged that he would not be released until 2019.

<u>Code § 16.1-283(B)</u>

Under Code § 16.1-283(B), the residual rights of a parent of a child placed in foster care because of parental neglect or abuse may be terminated only if the court finds by clear and convincing evidence that (1) termination is in the best interests of the child; (2) the neglect or abuse suffered by the child presented a serious and substantial threat to the child's

-

life, health, or development; and (3) it is not reasonably likely that the conditions which resulted in the neglect or abuse can be substantially corrected or eliminated to allow the child's safe return to his parent within a reasonable period of time.

The evidence established the children suffered extensive abuse while in mother's care.  Appellant argues that, other than his incarceration, DSS failed to present any credible evidence that past or future contact between him and the children was or will be detrimental to the children's best interests.

> [W]hile long-term incarceration does not,
> per se, authorize termination of parental
> rights or negate . . . D[SS]'s obligation to
> provide services, it is a valid and proper
> circumstance which, when combined with other
> evidence concerning the parent/child
> relationship, can support a court's finding
> by clear and convincing evidence that the
> best interests of the child will be served
> by termination.

Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

The children have been in foster care intermittingly for several years.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

-

Moreover, the children will be above the age of majority when appellant is released from prison.

The evidence supports the trial court's findings. It is apparent that appellant is unable to care for the children and is unable to remedy within a reasonable time the conditions which led to his children's placement in foster care. Thus, we cannot say that the trial court's finding by clear and convincing evidence that the conditions of Code § 16.1-283 have been established was plainly wrong or without evidence to support it.

Code § 16.1-283(C), (D) and (E)

In its orders, the trial court found only that father's parental rights should be terminated under Code § 16.1-283(B). Therefore, we need not address whether the evidence supports termination under Code § 16.1-283(C), (D) or (E).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-